IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00550-GPG
(Removal of Case No. 10CR771, Weld County, Colorado, District Court)

[NO NAMED PLAINTIFF],

    Plaintiff,

V.

TRAVIS HODSON,

Defendant.

---

## ORDER

---

    Defendant Travis has filed *pro se* a Notice of Removal in which he states that Case No. 10CR771, a previous criminal case in Weld County District Court, is an "invalid conviction" that is "being presented as a parole violation" and is going to be "used to enhance [his] future conviction and sentence." ECF No. 1. Defendant further asserts that the public defenders are "not looking into the evidence in the case" to show it is an invalid conviction, but they are "requesting numerous competency evaluations which ar [sic] causing an unnecessary delay in the court proceedings." *Id.* Defendant also contends that if a federal court would investigate it would find that the conviction is invalid and Defendant was sentenced illegally in violation of the Sixth and Fourteenth Amendments. *Id.*

1

The Court must construe the Notice of Removal liberally because Defendant is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court cannot act as an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.   For the reasons stated below, this action will be dismissed as improperly submitted to this Court as a Notice of Removal.

First, 28 U.S.C. § 1455(a) provides that a defendant seeking to remove a criminal prosecution from a state court must file a notice of removal "containing a short and plain statement of the grounds for removal."   Defendant fails to provide a short and plain statement of the grounds for removal of the state criminal case, No. 10CR771, and he fails to demonstrate that any criminal prosecution currently is pending against him that may be removed.   Even construing the notice of removal liberally and assuming the existence of an active criminal prosecution in the removed case, the Court is unable to ascertain any legitimate basis for removal of the case under the relevant statutes.

Title 28 U.S.C. §§ 1442, 1442a, and 1443 all authorize the removal of certain criminal prosecutions, but Defendant makes no allegations relevant to § 1442, which applies to actions against federal officers or agencies, or to § 1442a, which applies to members of the armed forces.   The Court also finds there is no basis for removal pursuant to § 1443, which authorizes removal of certain civil rights cases.

The two requirements for removal under § 1443(1) are narrow and well-defined. *See Davis v. Glanton*, 107 F.3d 1044, 1045 (3d Cir. 1997).   "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for

specific civil rights stated in terms of racial equality.' " *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "A state court defendant's claim that 'prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination' is insufficient for removal." *Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (quoting *Johnson*, 421 U.S. at 219). Defendant does not allege facts that demonstrate he has been denied any rights based on his race.

"Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.' " *Johnson*, 421 U.S. at 219 (quoting 28 U.S.C. § 1443(1)). The Supreme Court explained this requirement as follows:

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood, Miss., v. Peacock*, 384 U.S. 808, 828 (1966). This requirement must be supported by specific factual allegations. *See generally* 14A Charles Alan Wright et al., Federal Practice & Procedure § 3728 (2d ed. 1985). Defendant does not provide the Court with specific factual allegations regarding any inability to enforce his constitutional rights in the state court proceedings. Therefore, removal pursuant to § 1443(1) is not appropriate.

Removal pursuant to 28 U.S.C. § 1443(2) also is not appropriate. Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those

authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights."  *City of Greenwood*, 384 U.S. at 824.  Defendant does not allege that he is either a federal officer or a person assisting a federal officer in the performance of official duties providing for equal civil rights.

Normally when it clearly appears on the face of the Notice of Removal that removal of an action should not be permitted, the action is remanded summarily to the state court pursuant to 28 U.S.C. § 1455(b)(4).  In Case No. 10CR771, however, removal is inappropriate.  Case No. 10CR771 was discharged on October 17, 2013. *See Hodson v. Colo. Mental Health Institute at Pueblo, et al.*, No. 14-cv-02879-LTB, ECF No. 15-2 (D. Colo. Feb. 6), *dismissed on appeal*, No. 15-1182 (10th Cir. Oct. 9, 2015) (The Tenth Circuit dismissed the appeal because Mr. Hodson failed to "cast any doubt whatsoever on the district court's "in custody" determination regarding Case No. 10CR771). Nonetheless, the Court will notify the Weld County District Court by sending a copy of this Order to the Clerk of the Court for Weld County.

This is Defendant's third attempt to challenge Case No. 10CR771.  *See Hodson v. Weld County Sheriff, et al.*, No. 15-cv-01213-LTB (D. Colo. Nov. 10, 2015); *Hodson*, No. 14-cv-02879-LTB.  Defendant's filings border on abuse of the federal judicial system.  Defendant is warned that if he continues to file any other actions in this Court that address the validity of Case No.10CR771 while he is a pretrial detainee subject to a possible future conviction the Court will consider filing restrictions.  Accordingly, it is

ORDERED that Defendant's Notice of Removal in Case No. 10CR771, a dismissed case in Weld County District Court, is inappropriate and this action, therefore, is dismissed.  It is

FURTHER ORDERED that a remand is unnecessary, but the Clerk of this Court is directed to mail a certified copy of this Order, for notice purposes only, to the Clerk of the Weld County District Court, 915 10th Street, P.O. Box 2038 (80632),Greeley, CO 80631.

DATED at Denver, Colorado, this 9th day of March, 2016.

> BY THE COURT:
>
> s/Lewis T. Babcock
> LEWIS T. BABCOCK, Senior Judge
> United States District Court